```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

MARI MITCHELL,                       )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )     Case No. 3:05-0705
                                     )     Judge Echols
SIX CONTINENTS HOTELS, INC.          )
d/b/a INTERCONTINENTAL HOTELS        )
GROUP RESOURCES, INC. d/b/a          )
HOLIDAY INN SELECT HOTEL –           )
VANDERBILT,                          )
                                     )
        Defendant.                   )

### MEMORANDUM

Pending before the Court is Plaintiff's "Motion for Review of Magistrate Judge's Order," (Docket Entry No. 23), to which Defendant has responded in opposition (Docket Entry No. 25). By way of the Motion, Plaintiff asks this Court to set aside the Magistrate Judge's Order (Docket Entry No. 22) denying Plaintiff's Motion for Leave to Serve Rule 34 Request and Alternative Motion for Reconsideration of Motion to Compel" (Docket Entry No. 18).

### I.  FACTUAL BACKGROUND

This is a discrimination action in which a Case Management Order was entered setting a discovery deadline of March 15, 2006. On February 10, 2006, Plaintiff filed a Motion to Compel requesting an Order from the Court requiring Defendant to produce information regarding complaints of sexual harassment or retaliation for any of Defendant's operations since 2000. The precise information had not

1

been the subject of any formal discovery request, although Plaintiff attempted to expand her formal document requests through letters which had been sent to defense counsel. Defendant responded by arguing a Motion to Compel was improper since Plaintiff had never served a formal discovery request for the information sought to be compelled. Alternatively, Defendant asserted the requested information was irrelevant to her claims and the burden of producing such information far outweighed whatever benefit the production of the information could provide.

Instead of correcting her failure to serve a Rule 34 discovery request for the desired information while the discovery period was still open, Plaintiff chose to pursue her Motion to Compel. The Magistrate Judge issued an Order on June 16, 2006, stating that Plaintiff's Motion was denied because it did not relate to any formal discovery request as required by Local Rule 37.01(b)(2)(A). (Doc. No. 17).

Disagreeing with that conclusion, Plaintiff filed a "Motion for Leave To Serve Rule 34 Requests And Alternative Motion For Reconsideration Of Motion To Compel" (Doc. No. 18), arguing that her letters to defense counsel were, in effect, formal requests for production. The Magistrate Judge denied Plaintiff's Motion. (Docket Entry No. 22). With regard to the Motion to Compel and Plaintiff's contention that requests made in a letter should suffice for purposes of such a motion, the Magistrate Judge

2

observed:

> In many cases, discovery disputes arise between the parties. Such discovery disputes occur in cases in which there is absolutely no question as to the exact wording of the discovery request. If the Court were to accept Plaintiff's argument that requests made in a letter constitute "formal" discovery requests, which could properly be the subject of a Motion to Compel, discovery disputes would likely multiply astronomically.
> Moreover, if the Court adopted the position advocated by Plaintiff, some parties would likely argue that the Court could compel production of oral discovery requests.
> Obviously, the Court is reluctant to start down that slippery slope. If a party wishes to use the discovery tools provided in the Federal Rules of Civil Procedure, it is not too much for a Court to require that the discovery request be stated in a "formal" set of Interrogatories or Requests for Production of Documents.

(Docket Entry No. 22 at 4-5).

The Magistrate Judge also denied Plaintiff's alternative motion that she be allowed to serve the Request for Production of Documents noting discovery had closed and Plaintiff had not made a showing of good cause for modification of the Case Management Order. Id. at 5-6.[1] The present Motion for Review followed.

## II. STANDARD OF REVIEW

Pursuant to the Federal Magistrate Judge's Act, a district court may designate a magistrate judge to decide any nondispositive

---

[1] In a footnote, Plaintiff asserts the Magistrate Judge erred in concluding that part of the request in the Motion to Compel (identified by the Magistrate Judge utilizing italics) was not contained in the letter requests. (Docket Entry No. 24 at 2 n.1). While that may be so, the fact remains that no part of the letter request presently at issue was the basis of a Rule 34 discovery request.

3

pretrial matter and may overturn a magistrate judge's decision on matters so designated only if the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Similarly, Rule 72(a) of the Federal Rules of Civil Procedure states upon consideration of a magistrate judge's order on a nondispositive matter, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### III. APPLICATION OF LAW

The Magistrate Judge first found that Plaintiff's letters to counsel were not discovery requests within the meaning of Rule 34. Plaintiff objects, claiming her letters were in substantial compliance with the rules governing formal discovery because they set forth the information sought with sufficient particularity.

While Plaintiff cites two cases from the early 1980's for the proposition that letter requests may be sufficient to comply with the requirements of Rule 34, there are more recent cases which suggest that letter requests are not within the spirit of Rule 34, see, National Resources Defense Council, Inc. v. Fox, 1998 WL 158671 at *2 (S.D.N.Y. 1986), and that letter requests cannot serve as the basis for motions to compel, see Suid v. Cigna Corp., 203 F.R.D. 227, 228 (D.V.I. 2001); Sithon Maritime Co. v. Holiday Mansion, 1998 WL 182785 at *2 (D. Kan. 1998). Given such case law, and no controlling authority to the contrary, it cannot be said

4

the Magistrate Judge's conclusion regarding the efficacy of letter requests under Rule 34 was either clearly erroneous or contrary to law. Moreover, the Magistrate Judge soundly observed that allowing letter requests to take the place of formal requests under Rule 34 could lead to a "slippery slope" with the possibility that oral requests could be deemed to suffice under the discovery rules. See, Sithon, 1998 WL 182785 at *2 ("to treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery").

"Although both informal investigation and formal discovery have their proper place in the litigation arena, the Federal Rules of Civil Procedure address only formal discovery." Id. The Magistrate Judge did not err in concluding that Plaintiff's letters could not serve as the basis for a Motion to Compel.

Nor did the Magistrate Judge act contrary to law or commit clear error in finding that Plaintiff had failed to establish good cause to modify the Case Management Order. "A finding is clearly erroneous when, although there is evidence to support such a finding, a reviewing court is left with the definite and firm conviction that a mistake has been committed." United States v. Hall, 104 Fed. Appx. 475, 477 (6th Cir. 2004). Accordingly, this Court's review is limited; "so long as the [magistrate judge's] view of the evidence is 'plausible in light of the entire record, it must stand, even though the reviewing court, had it been the

5

finder of fact, might have judged the same evidence differently.'" Hamilton v. Carell, 243 F.3d 992, 998 (6th Cir. 2001).

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). "'The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirement." Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002)(citation omitted).

In this case, the Magistrate Judge did not commit clear error or act contrary to law in determining that Plaintiff failed to establish "good cause" for failing to serve the formal discovery sought in its Rule 34 motion prior to the expiration of the discovery deadline. After Plaintiff threatened to file a Motion to Compel because Defendant indicated it would not provide any documents in response to her letters, Plaintiff was informed by Defendant that a Motion to Compel was not the proper vehicle and that she needed to serve a formal discovery request. That information was supplied to Plaintiff some three weeks before the expiration of the discovery period, yet she pursued her Motion to Compel.

Plaintiff admits that she could have simply copied her letter into a formal motion. She chose not to do so at her peril. See,

6

Tdata, Inc. v. Aircraft Technical Publishers, 2006 WL 1705135 at *2 (S.D. Ohio, 2006)(citation omitted)("'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion for Review of Magistrate Judge's Order," (Docket Entry No. 23) will be granted but, upon review, the Magistrate Judge's Order (Docket Entry No. 22) denying Plaintiff's "Motion for Leave to Serve Rule 34 Request and Alternative Motion for Reconsideration of Motion to Compel" (Docket Entry No. 18) will be approved and adopted.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

7